IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RAYMOND W. RADACH, JR.                                                    PLAINTIFF

V.                                                                        CIVIL ACTION NO.
                                                                          3:08-CV-31-SAA
COMMISSIONER OF SOCIAL
SECURITY                                                                  DEFENDANT

## MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Raymond W. Radach, Jr. for a period of disability and disability insurance benefits under Title II of the Social Security Act. This action is brought under § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). The court's jurisdiction over Radach's claim rests upon 28 U.S.C. § 1331. The undersigned has authority to address the issues raised in this appeal and issue this opinion and final judgment under the provisions of 28 U.S.C. § 636(c), as the parties have consented to have a magistrate judge conduct all the proceedings in this case.

## PROCEDURAL HISTORY

Raymond W. Radach, Jr. filed his application for disability and disability insurance benefits on August 13, 2003, alleging a disability onset date of May 1, 2001. After his claim was denied twice, Radach requested a hearing before an administrative law judge (ALJ), which was held on July 14, 2005. The ALJ denied the claim. Radach's request for review by the Appeals Council was denied on March 9, 2007 and the Appeals Council's denial of the petition for review perfected the ALJ's decision as the final decision of the Commissioner, which is now ripe for the court's review.

**FACTS**

Radach was born September 18, 1958 and was forty-six years old at the time of the ALJ's decision. He completed the eleventh grade, and his past relevant work includes: tractor trailer driver, heavy truck driver and auto mechanic. Tr. 14, 69, 74. Radach alleges his disability is the result of a brain aneurysm, back disorders, high blood pressure, tachycardia and depression. Tr. 68.

The ALJ determined that Radach had severe impairments, including cerebral hemorrhage, a seizure disorder, hypertension, a history of atherosclerosis, neck disorders, back disorders and a depressive disorder [Tr. 15], but that these impairments neither met nor equaled the severity requirements of any Listing of Impairments set forth in 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998). Tr. 18. He found that Radach had the residual functional capacity [RFC] to lift fifty pounds occasionally and twenty-five pounds frequently, that he could stand and walk for six hours and sit for six hours in a eight-hour work day, that he could never climb or balance, but could frequently stoop, kneel, crouch and crawl, that he cannot work at heights, with moving machinery or as a commercial driver. Tr. 20. The ALJ determined that Radach had limited but satisfactory ability to understand, remember and carry out detailed job instructions, to maintain attention and concentration, to perform activities within a schedule, to complete a normal work day and work week without psychologically-based interruptions and to respond appropriately to changes in the work setting. Tr. 20. In addition, he found Radach had certain functional limitations because of his mental disorder(s) ["B" criteria], including moderate restrictions in his activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties

in maintaining concentration, persistence or pace, and Radach has experienced one to two episodes of decompensation. Tr. 20, 315. Based on the plaintiff's age, limited education, RFC and transferability of work skills, the ALJ found that Radach was not disabled and that he could perform other work that exists in significant numbers in the national economy. Tr. 22.

## DISCUSSION

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390 (1971)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner,[1] even if it finds that the evidence leans against the Commissioner's decision.[2] If the Commissioner's decision is supported by the evidence, then it is conclusive and must be

---

[1] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[2] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994). The inquiry is whether the record as a whole, provides evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401(1971).

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[3] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels, the burden then shifts to the Commissioner at step five.[4] First, the plaintiff must prove he is not currently engaged in substantial gainful activity.[5] Second, the Commissioner considers the medical severity of the claimant's impairment.[6] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[7] Fourth, the Commissioner determines the plaintiff's residual functional capacity, and the plaintiff bears the burden of proving he is incapable of meeting the physical and mental demands of his past relevant work.[8] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing

---

[3] *See* 20 C.F.R. §404.1520 (2007).

[4] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[5] 20 C.F.R. § 404.1520(a)(4)(i)(2007).

[6] 20 C.F.R. §404.1520(a)(4)(ii)(2007).

[7] 20 C.F.R. §404.1520(a)(4)(iii)(2007).

[8] 20 C.F.R. §404.1520(a)(4)(iv)( 2007).

other work.[9]  If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[10]

Radach claims the Commissioner's decision was flawed in the following ways:

(1) The ALJ used the wrong standard in determining whether the Radach had the medical equivalent of a listed impairment;
(2) The ALJ used the wrong standard when determining Radach's residual functional capacity; and
(3) The ALJ's determination that Radach was capable of performing other substantial work was not based on substantial evidence.

Radach argues that the court should consider the record along with new evidence and render a decision rather than remanding the claim.  Docket no. 10, p. 22.  In his supplemental brief, Radach also argues that a subsequent determination that he was disabled acts as *res judicata* in this matter.  Docket no. 18.

<u>The ALJ erred in failing to consider the plaintiff's impairments' cumulatively to determine if they, in combination, met or equaled on of the medial listings</u>

Radach argues that the ALJ failed to properly evaluate his symptoms under 20 CFR §§ 404.1523 and 404.1529, relevant circuit case law and Social Security Rulings because he failed to evaluate plaintiff's impairments and symptoms – including pain, effects of medication and limitations – in combination, and thus failed to view the plaintiff as a whole.  The defendant responds that it is the plaintiff's burden to meet the stringent and demanding criteria set out in the regulations in order for the ALJ to find that he has "met or equaled" the requirements of the Medical Listings.  Indeed, the plaintiff does not point to any specific listing that his symptoms and impairments, alone or in combination might reasonably meet.  However, neither did the ALJ

---

[9] 20 C.F.R. §404.1520(a)(4)(v)(2007).

[10] *Muse*, 925 F.2d at 789.

5

reference any specific listings in his decision; rather, he made a generic ruling that the plaintiff did not meet or equal the listings.[11]

The Fifth Circuit has held that "[t]he ALJ 'must consider subjective evidence of pain as testified to by the claimant; failure to give consideration to the subjective evidence of pain and disability as testified to by the plaintiff is reversible error." *Scharlow v. Schweiker,* 655 F.2d 645, 648 (5th Cir. Unit A, Sept. 1981)). Further, the Circuit has specifically found that the side effects of medications may "render a claimant disabled or at least contribute to a disability." *Loza v. Apfel*, 219 F.3d 378, 397 (5th Cir. 2000). Although it is within the ALJ's discretion to determine whether the plaintiff's pain is of a disabling nature, *Wren v. Sullivan,* 925 F.2d 123, 128 (5th Cir.1991), in our Circuit "[t]he ALJ is bound by the rules of this Court to explain his reasons for rejecting a claimant's complaints of pain." *Falco v. Shalala,* 27 F.3d 160, 164 (5th Cir.1994).

Social Security Ruling 96-7p was written to clarify the procedure to be used in assessing the credibility of a Social Security claimant's statements about symptoms and pain. *See Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims-Assessing the Credibility of an Individual's Statements,* SSR 96-7p, at * 1. The Ruling requires the ALJ to engage in a two-step process. In the first step, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be

---

[11]Generic findings without specific reference to the listing for which the ALJ finds the plaintiff does not qualify may require reversal if there are not sufficient factually substantiated findings at steps four and five of the sequential evaluation process to alleviate any concern that the plaintiff might have been found disabled at step three. *See Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007); *see also Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005). Because the plaintiff does not directly address this argument, the court has not based its opinion on this issue alone.

expected to produce the plaintiff's pain or other symptoms. *Id.* at * 2. If the ALJ determines there exists an underlying physical or mental impairment that could reasonably be expected to produce the plaintiff's pain, he must then evaluate the intensity, persistence, and limiting effects of plaintiff's symptoms to determine the extent to which the symptoms limit plaintiff's ability to do basic work activities. For this purpose, whenever the plaintiff's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms suggest a greater severity of impairment than shown by objective medical evidence, the ALJ must make a finding as to the credibility of plaintiff's statements based on a consideration of the entire case record. SSR 96-7p, 1996 WL 374186, *2. That Ruling provides in part:

> When assessing the credibility of an individual's statements, the adjudicator must consider:
> (1) the individual's daily activities;
> (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms;
> (3) factors that precipitate and aggravate the symptoms;
> (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and
> (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186 at *3; *see* 20 C.F.R. § 404.1529(c)(3)(I)-(vii). "When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." SSR 96-7p, 1996 WL 374186, at *4. "All of the evidence in the case record, including the individual's statements, must be considered before a conclusion can be made about disability." *Id.* at *5.

In this case, the ALJ found that "[t]he record evidence demonstrates that the claimant experiences medically determinable impairments which can be expected to impose symptoms as the claimant alleges," [ Tr. 19], but that "the claimant's medically determinable impairments cannot reasonably be expected to impose symptoms of the persistence and intensity which he alleges." *Id.* The ALJ does discuss some of the factors listed above, such as the fact that the plaintiff "can perform only minimal household chores, " but his consideration is focused on medical evidence rather than all of the factors listed above. Tr. 19. Although the ALJ did, to a minimal extent, question the plaintiff at the hearing [Tr. 456 - 469], he did not discuss that evidence in the context of the required steps for evaluation of the plaintiff's credibility, symptoms and pain. Failure to follow the criteria outlined in SSR 96-7p is cause for remand. This simple and avoidable error could have been avoided merely by following the SSR step-by-step and by specific citation; in turn, the cost, time and delay of having the case appealed to this court and remanded again would also have been avoided. Although there ultimately may or may not be sufficient evidence to find that the plaintiff does meet or equal any specific listing, without inclusion of any specific consideration of the necessary factors, the court cannot be certain that all evidence was properly considered, particularly when there appears to be much objective medical evidence in the record to support the plaintiff's claims. That the ALJ did not specifically recite and follow the Social Security Administration's own required considerations in this case is cause for remand.

Plaintiff's Remaining Arguments

Because this action is being remanded to the ALJ for further consideration of the plaintiff's impairments, credibility, symptoms and pain the court need not address the merits of

the plaintiff's remaining arguments at this time.

## CONCLUSION

A final judgment in accordance with this memorandum opinion will be issued this day.

This, the 27th day of March, 2009.

/s/ S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE